## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID C. TRAVIS,
a/k/a CHRISTOPHER TRAVIS,
an individual,                                                      Case No.:

      Plaintiff,

v.

SYNCHRONY BANK,
f/k/a GE CAPITAL RETAIL BANK,
a foreign for-profit corporation, and
THE GAP STORES, INC.,
a/k/a THE GAP, INC.,
a foreign for-profit corporation,

      Defendants.
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, DAVID C. TRAVIS, a/k/a CHRISTOPHER TRAVIS

(hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants,

SYNCHRONY BANK, f/k/a GE CAPITAL RETAIL BANK (hereinafter, "SB") and THE GAP

STORES, INC., a/k/a THE GAP, INC. (hereinafter, "GAP") (hereinafter collectively,

"Defendants").  In support thereof, Plaintiff states:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendants' violations

of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the

"FCCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227

(hereinafter, the "TCPA"), and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501,

Florida Statutes (hereinafter, "FDUTPA").

## JURISDICTION AND VENUE

1.       Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA and FDUTPA claims pursuant to 28 United States Code, Section 1367.

2.       Venue in this District is proper because Defendants transact business in this District and the conduct complained of occurred in this District.

3.       At all material times herein, the conduct of Defendants, complained of below, occurs in Pinellas County, Florida.

4.       At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5.       At all material times herein, SB is a foreign for-profit corporation that, itself and through its subsidiaries, regularly services retail consumer credit cards in Pinellas County, Florida and collects debts associated with the same.

6.       At all material times herein, GAP is a foreign for-profit corporation that, itself and through its subsidiaries, regularly extends retail consumer credit cards in Pinellas County, Florida and collects debts associated with the same.

## GENERAL ALLEGATIONS

7.       At all material times herein, Defendants are each a "creditor" as defined by Florida Statutes, Section 559.55(5).

8.       At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

9.       At all material times herein, Defendants attempts to collect a debt, specifically a balance allegedly due from a third party ("Paula Cabello") not associated with Plaintiff in connection with a GAP retail consumer credit card (hereinafter, the "Alleged Debt").

ii

10.     At all material times herein, the Alleged Debt is a consumer debt obligation, resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

11.     At all material times herein, Defendants are each a "person" subject to Florida Statutes, Section 559.72.  *See* Fla. Stat. § 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

12.     At all material times herein, Defendants' conduct, with respect to the Alleged Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

13.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

14.     All necessary conditions precedent to the filing of this action occurred or Defendants waived.

## FACTUAL ALLEGATIONS

15.     Defendants' telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number 813-XXX-8728 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

16.     Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number 813-XXX-8728.

17.     At no time herein did Defendants possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

18.     Plaintiff did not owe the Alleged Debt.

19.     Plaintiff and Defendants never entered a contractual relationship with respect to the Alleged Debt.

20.     Plaintiff never provided Defendants with his Cellular Telephone number.

21.     Defendant's calls to Plaintiff's Cellular Telephone requested a third party (named "Paula Cabello") not associated with Plaintiff regarding the Alleged Debt.

22.     As such, Plaintiff never provided his Cellular Telephone number in a transaction that created the Alleged Debt nor did he ever provide Defendants with his prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

23.     Additionally, if SB or GAP contend they made the below-referenced phone calls for "informational purposes only," Defendants nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

24.     Furthermore, Defendants acquired actual knowledge that Plaintiff is not the party Defendants intended to call each time Defendants were connected to Plaintiff's Cellular Telephone voicemail—including when Defendants left each of the below-referenced voicemails—as at all material times herein, Plaintiff's outgoing voicemail message on his Cellular Telephone clearly stated Plaintiff's name.

25.     Even further, Defendants acquired actual notice that Plaintiff was not the party that Defendant intended to call when Plaintiff advised Defendants that he was not "Paula Cabello" and that Defendants called the wrong number.

26.     It is Defendants' corporate policy to use an ATDS, a PTDS, or an APV when attempting to collect consumer debts, like the Alleged Debt (hereinafter, "Corporate Policy").

27.     Defendants employed their Corporate Policy of using an ATDS, a PTDS, or an APV when Defendants placed the calls to Plaintiff's Cellular Telephone in this case.

28.     Defendants placed the calls to Plaintiff's Cellular Telephone with no effective way for Plaintiff to remove his Cellular Telephone number from Defendants' telephone dialing system.

29.     Defendants placed the calls to Plaintiff with no effective way for Defendants to remove the telephone number from Defendant's telephone dialing system.

30.     Defendants' Corporate Policy provides no effective way for the called party or Defendants to remove the cellular telephone from Defendants' telephone dialing system.

31.     Defendants' Corporate Policy and procedures are structured as to continue to call individuals like Plaintiff using an ATDS, a PTDS, or an APV, regardless of how many times said individuals advise Defendants' agents or representatives that they are not the party sought by Defendants and request Defendants to remove their telephone number from Defendants' dialing system.

32.     Plaintiff is the called party of the calls made to the Cellular Telephone.

33.     Plaintiff is not "Paula Cabello" and possesses no relationship whatsoever to Ms. Cabello.

34.     On or about November 25, 2015, at approximately 11:32 a.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

35.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

36.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

37.     On or about November 27, 2015, at approximately 11:35 a.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

38.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

39.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

40.     On or about February 24, 2016, at approximately 11:51 a.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

41.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

42.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

43.     On or about February 25, 2016, at approximately 11:39 a.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

44.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

45.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

46.     On or about February 26, 2016, at approximately 11:44 a.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

47.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

48.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

49.     On or about February 27, 2016, at approximately 9:28 a.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

50.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

51.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

52.     On or about February 28, 2016, at approximately 11:25 a.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

53.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

54.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

55.     On or about February 29, 2016, Defendants called Plaintiff's Cellular Telephone *at least* three (3) times using at ATDS, a PTDS, or an APV.

56.     Defendants made the immediately-aforementioned calls from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

57.     Defendants' above-referenced calls constitute an attempt to collect the Alleged Debt from Plaintiff.

58.     On or about March 1, 2016, Defendants called Plaintiff's Cellular Telephone *at least* three (3) times using at ATDS, a PTDS, or an APV.

59.     Defendants made the immediately-aforementioned calls from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

60.     Defendants' above-referenced calls constitute an attempt to collect the Alleged Debt from Plaintiff.

61.     On or about March 1, 2016, at approximately 3:48 p.m. EST, Plaintiff returned Defendants call to telephone number 866.419.0964.

62.     During the immediately-aforementioned call, Defendants advised Plaintiff that Defendants requested to speak with Paula Cabello with respect to the Alleged Debt.  In response,

Plaintiff advised Defendants that he is not Paula Cabello and demanded that Defendants' calls to Plaintiff's Cellular Telephone cease.

63.     On or about March 2, 2016, at approximately 8:47 a.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

64.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

65.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

66.     On or about September 26, 2016, at approximately 11:51 a.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

67.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 and left a voicemail in Spanish on Plaintiff's Cellular Telephone in an attempt to collect the Alleged Debt associated with Paula Cabello.

68.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

69.     On or about September 27, 2016, at approximately 3:33 p.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

70.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 and left a voicemail in Spanish on Plaintiff's Cellular Telephone in an attempt to collect the Alleged Debt associated with Paula Cabello.

71.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

72.     On or about September 28, 2016, at approximately 1:42 p.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

73.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 and left a voicemail in Spanish on Plaintiff's Cellular Telephone in an attempt to collect the Alleged Debt associated with Paula Cabello.

74.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

75.     On or about September 29, 2016, at approximately 2:44 p.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

76.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 and left a voicemail in Spanish on Plaintiff's Cellular Telephone in an attempt to collect the Alleged Debt associated with Paula Cabello.

77.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

78.     On or about September 30, 2016 Defendants called Plaintiff's Cellular Telephone *at least* twice using at ATDS, a PTDS, or an APV.

79.     Defendants made the immediately-aforementioned calls from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

80.     Defendants' above-referenced calls constitute an attempt to collect the Alleged Debt from Plaintiff.

81.     On or about October 1, 2016, at approximately 9:16 a.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

82.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

83.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

84.     On or about October 2, 2016, at approximately 10:49 a.m. EST, Defendants called Plaintiff's Cellular Telephone using at ATDS, a PTDS, or an APV.

85.     Defendants made the immediately-aforementioned call from telephone number 866.419.0964 and left a voicemail in Spanish on Plaintiff's Cellular Telephone in an attempt to collect the Alleged Debt associated with Paula Cabello.

86.     Defendants' above-referenced call constitutes an attempt to collect the Alleged Debt from Plaintiff.

87.     On or about October 3, 2016, Defendants called Plaintiff's Cellular Telephone *at least* twice using at ATDS, a PTDS, or an APV.

88.     Defendants made the immediately-aforementioned calls from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

89.     Defendants' above-referenced calls constitute an attempt to collect the Alleged Debt from Plaintiff.

90.     On or about October 4, 2016, Defendants called Plaintiff's Cellular Telephone *at least* three (3) times using at ATDS, a PTDS, or an APV.

91.     Defendants made the immediately-aforementioned calls from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

92.     Defendants' above-referenced calls constitute an attempt to collect the Alleged Debt from Plaintiff.

93.     On or about October 5, 2016, Defendants called Plaintiff's Cellular Telephone *at least* twice before 1:27 p.m. EST using at ATDS, a PTDS, or an APV.

94.     Defendants made the immediately-aforementioned calls from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

95.     Defendants' above-referenced calls constitute an attempt to collect the Alleged

Debt from Plaintiff.

96.     On or about October 5, 2016, at approximately 1:40 p.m. EST, Plaintiff returned Defendants call to telephone number 866.419.0964.

97.     During the immediately-aforementioned call, Plaintiff *again* advised Defendants that he is not Paula Cabello, and *again* demanded that Defendants cease calling Plaintiff's Cellular Telephone.

98.     Subsequently, on or about October 5, 2016 and after 5:00 p.m. EST, Defendants called Plaintiff's Cellular Telephone *at least* twice using at ATDS, a PTDS, or an APV.

99.     Defendants made the immediately-aforementioned calls from telephone number 866.419.0964 in an attempt to collect the Alleged Debt associated with Paula Cabello.

100.    Defendants' above-referenced calls constitute an attempt to collect the Alleged Debt from Plaintiff.

101.    During one of the above-referenced calls, Plaintiff answered, *again* advised Defendants that he is not Paula Cabello, and *again* demanded that Defendants cease calling Plaintiff's Cellular Telephone.

102.    Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

103.    Due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of debt collection calls, Plaintiff was not able to record the specifics (as done above) on each and every call placed to Plaintiff.  Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA, the FDUTPA, and the TCPA.

104.    Further, Defendants are in the best position to determine and ascertain the number

and methodology of debt collection calls made to Plaintiff.

105.    As a direct result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, confusion, and loss of sleep, believing that *repeatedly* advising Defendants that he did not owe the Alleged Debt and that he is not the party Defendants intended to contact was wholly ineffective and that the frequent, repeated debt collection attempts would simply have to be endured unless Plaintiff paid a debt he did not owe.

106.    Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

107.    Florida Statues, Section 501.211 provides for the award of actual damages as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

108.    United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made to Plaintiff's Cellular Telephone using any automatic telephone dialing system or an artificial or pre-recorded voice in violation of the TCPA or the regulations proscribed thereunder.

109.    Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made to Plaintiff's Cellular Telephone using any automatic telephone dialing system or an artificial or prerecorded voice in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

110.    As of the date of this complaint, Defendants did not initiate a law suit in an effort to collect the Alleged Debt.  Likewise, no final judgment with respect to the Alleged Debt has been obtained by, or transferred to, Defendants.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORDA STATUTES, SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through one hundred ten (110) as if fully restated herein and further states as follows:

111.    Defendants are both subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting a consumer debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

112.    Specifically, Plaintiff never owed the Alleged Debt, Plaintiff and Defendants never entered into a contractual relationship with respect to the Alleged Debt, Plaintiff never provided Defendants his Cellular Telephone number, and Defendant's calls to Plaintiff's Cellular Telephone requested a third party ("Paula Cabello") not associated with Plaintiff regarding the Alleged Debt.

113.    Moreover, Defendants repeatedly acquired actual knowledge that Plaintiff is not the party Defendants intended to contact each time Plaintiff advised Defendants of his name and that he is not the party Defendants intended to contact—Paula Cabello—as well as each time Defendants heard Plaintiff's outgoing voicemail message and when Defendants left voicemails on Plaintiff's Cellular Telephone, as Plaintiff's outgoing voicemail message on his Cellular Telephone stated Plaintiff's name.

114.    Despite the Alleged Debt obligation not belonging to Plaintiff, despite Plaintiff never owing the Alleged Debt, and despite Defendants never possessing Plaintiff's prior express consent to call his Cellular Telephone number using an ATDS, a PTDS, or an APV, Defendants made *at least* thirty-one (31) calls to Plaintiff's Cellular Telephone in an attempt to collect the Alleged Debt from Plaintiff.

115.    Defendants' conduct could serve no purpose other than to abuse and harass Plaintiff into believing that despite lacking any reason or purpose to make calls to Plaintiff's Cellular

Telephone, Defendants could and would continue to collect the Alleged Debt by calling Plaintiff's

Cellular Telephone until Plaintiff or Paula Cabello satisfied the Alleged Debt.

116.    Defendants' willful and flagrant violation of, *inter alia*, the Florida Consumer

Collections Practices Act as a means to collect the Alleged Debt, constitutes unlawful conduct and

harassment as is contemplated under Florida Statutes, Section 559.72(7).

117.    As a direct and proximate result of Defendants' actions, Plaintiff sustained damages

as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)</u>**

Plaintiff re-alleges paragraphs one (1) through one hundred ten (110) as if fully restated

herein and further states as follows:

118.    Defendants are both subject to, and violated the provisions of, Florida Statutes,

Section 559.72(9) by attempting to collect the Alleged Debt with knowledge that the Alleged Debt

is not legitimate or by asserting the existence of some legal right when Defendants know that the

right does not exist.

119.    Specifically, Plaintiff never owed the Alleged Debt, Plaintiff and Defendants never

entered a contractual relationship with respect to the Alleged Debt, Plaintiff never provided

Defendants his Cellular Telephone number, and Defendant's calls to Plaintiff's Cellular Telephone

requested a third party not associated with Plaintiff regarding the Alleged Debt, Paula Cabello.

120.    Plaintiff repeatedly advised Defendants that the third-party that Defendants

requested to speak with, namely Ms. Cabello, was not Plaintiff, was not related to Plaintiff, and

was not connected with Plaintiff's Cellular Telephone in any way.

121.    Moreover, Defendants repeatedly acquired additional actual knowledge that

Plaintiff is not the party Defendants intended to contact each time Defendants heard Plaintiff's

xiv

outgoing voicemail message and when Defendants left voicemails on Plaintiff's Cellular Telephone, as Plaintiff's outgoing voicemail message on his Cellular Telephone stated Plaintiff's name

122.    Despite never having the requisite consent, having been so advised, and possessing the above-referenced knowledge, Defendants made *at least* thirty-one (31) calls to Plaintiff's Cellular Telephone in its attempts to collect the Alleged Debt from Plaintiff.

123.    Further, Defendants attempted to collect the Debt from Plaintiff with knowledge that the Debt was not legitimate (i.e., not Plaintiff's obligation) and as such, Defendants attempted to collect an illegitimate debt from Plaintiff.

124.    Similarly, Defendants' above-referenced conduct constitute the knowing assertion of a right that does not exist, namely, that Defendants can and will continue to make calls to Plaintiff's Cellular Telephone despite lacking Plaintiff's prior express consent.  Defendants knew they did not possess such right.

125.    As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**DECEPTIVE AND UNFAIR TRADE PRACTICES –**
**<u>VIOLATION OF FLORIDA STATUTE, SECTION 501.204(1)</u>**

Plaintiff re-alleges paragraphs one (1) through one hundred ten (110) as if fully restated herein and further states as follows:

126.     Defendants are both subject to, and violated provisions of, Florida Statutes, Section 501.204(1) by engaging in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

127.    Specifically, Plaintiff did not owe the Alleged Debt, Plaintiff and Defendants never entered a contractual relationship with respect to the Alleged Debt, Plaintiff never provided

xv

Defendant his Cellular Telephone number, and Defendant's calls to Plaintiff's Cellular Telephone requested a third party not associated with Plaintiff regarding the Alleged Debt, Paula Cabello.

128.    Despite Plaintiff repeatedly advising Defendants that he is not the party Defendants sought with respect to the Alleged Debt, Defendants made *at least* thirty-one (31) calls to Plaintiff's Cellular Telephone in its attempts to collect the Alleged Debt associated with Paula Cabello from Plaintiff.

129.    Defendants engaged in a pattern and practice of unlawful debt collection and invasion of privacy, repeatedly and willfully calling Plaintiff's cellular telephone in an attempt to collect a debt—one Defendants knew Plaintiff did not owe and was not the party they were seeking—using an ATDS, a PTDS, or an APV without having Plaintiff's prior express consent to do so.

130.    Defendants' conduct, as described above, unconscionably and unfairly attempted to deceive Plaintiff into believing that Defendants' could and would continue to call Plaintiff's Cellular Telephone, continue to leave voicemails on Plaintiff's Cellular Telephone seeking Paula Cabello, and continue to attempt to collect from Plaintiff an Alleged Debt from Plaintiff he does not owe.

131.    As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 501.211.

**COUNT FOUR:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**<u>VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)</u>**

Plaintiff re-alleges paragraphs one (1) through one hundred ten (110) as if fully restated herein and further states as follows:

132.    Defendants are both subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, a PTDS, or an APV to call a telephone number

xvi

assigned to a cellular telephone service without Plaintiff's prior express consent.

133.    Specifically, Plaintiff never owed the Alleged Debt, Plaintiff and Defendants never entered a contractual relationship with respect to the Alleged Debt, Plaintiff never provided Defendants his Cellular Telephone number, and Defendant's calls to Plaintiff's Cellular Telephone requested a third party (Paula Cabello) not associated with Plaintiff regarding the Alleged Debt.

134.    As such, Plaintiff never provided his Cellular Telephone number in a transaction that created the Alleged Debt nor did he ever provide Defendants with his prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

135.    Additionally, if SB or GAP contend the below-referenced phone calls were placed for "informational purposes only," Defendants nevertheless lacked the required prior express written consent necessary to place such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

136.    Despite lacking Plaintiff's prior express consent, Defendants made *at least* thirty-one (31) calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

137.    The phone calls placed by Defendants complained of herein are the result of a repeated willful and knowing violation of the TCPA.

138.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered:

a.    The periodic loss of his Cellular Telephone service;

b.    Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under his Cellular Telephone service contract; and

d.    Emotional distress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiff respectfully requests an entry of:

      a.      Judgment against each Defendants declaring that Defendants violated the FCCPA;

      b.      Judgment against each Defendants declaring that Defendants violated the FDUTPA;

      c.      Judgment against each Defendants for maximum statutory damages for violations of the FCCPA;

      d.      Judgment against each Defendants declaring that Defendants violated the TCPA;

      e.      Judgment against each Defendants for statutory damages in the amount of $500.00 for each of Defendants' telephone calls made in violation of the TCPA;

      f.      Judgment against each Defendants for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendants acted knowingly and/or willfully;

      g.      Actual damages in an amount to be determined at trial;

      h.      An award of attorneys' fees and costs; and

      i.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation

as required by law.

Respectfully submitted,

**LeavenLaw**

/s/ *Gregory H. Lercher*
□ **Ian R. Leavengood, Esq. FBN 0010167**
□ **Aaron M. Swift, Esq., FBN 093088**
[X] **Gregory H. Lercher, Esq., FBN 0106991**
□ **Sara J. Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiff*

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF FLORIDA          )
                          )
COUNTY OF Pinellas        )

Plaintiff David C. Travis, a/k/a Christopher Travis, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
David C. Travis, a/k/a Christopher Travis

19

Subscribed and sworn to before me
this 13th day of January, 2016.
8 2017 JR

My Commission Expires: 3.01.2019

Notary Public

Proof of I.D.: Drivers License

JUDY RALPH
MY COMMISSION #FF204745
EXPIRES: MAR 01, 2019
Bonded through 1st State Insurance

20